Zhang v. Barr

BIA
Hom, IJ
A206 027 693

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

XIANG ZHANG, AKA QIANG ZHANG,
> *Petitioner,*

v.                                                   18-1750
                                                     NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Doen Zheng, Law Office of Doen
                         Zheng, P.C., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Holly M. Smith, Senior

Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Zhang, a native and citizen of the People's Republic of China, seeks review of a May 14, 2018, decision of the BIA affirming a July 13, 2017, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Zhang,* No. A 206 027 693 (B.I.A. May 14, 2018), *aff'g* No. A 206 027 693 (Immig. Ct. N.Y. City Jul. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8

2

U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations for substantial evidence). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Zhang was not credible as to his claim that he was persecuted in China on account of his Christianity.

The agency reasonably relied on several inconsistencies in Zhang's statements at his credible fear interview and between his interview and hearing testimony concerning the dates and lengths of his alleged detentions in China following arrests at an unregistered church. During his interview, he initially stated that he was arrested on March 15, 2013 and detained for 8 days, but near the end of his interview, he stated that he was also arrested on March 22. When confronted with the fact that there were not 8 days between these two dates, Zhang stated that he was arrested for the second time on April 2. He then testified that he was arrested on March 15 and 22, and detained for four days after each arrest. The IJ was not required to credit Zhang's explanation that he was nervous and misspoke during the interview. *See Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (applicant's "mere recitation that he was nervous or felt pressured during an . . . interview will not automatically prevent" the agency from relying on the interview); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-

4

finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on several material omissions from Zhang's application. He testified that officials punched and kicked him on his stomach, back, and legs during his first detention and beat him again during his second detention. He also testified that his parents paid bribes to obtain his release after both detentions. In contrast, his application does not include the days or even the year of either detention, the lengths of the detentions, any details about the first beating, or the fact that he was beaten at all during his second detention. Additionally, while the application states that his parents paid a bribe for release after his first arrest, it does not mention a bribe in relation to the second arrest. Although we have cautioned against placing excessive weight on minor omissions, these omissions were not minor as they concerned the only incidents of past harm. See *Hong Fei Gao*, 891 F.3d at 79–80; *Xiu Xia Lin*, 534 F.3d at 167 (holding that a petitioner's failure to include the length of his detention in his asylum application was a proper basis for the IJ's

adverse credibility determination); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a "material inconsistency in an aspect of [applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citation omitted)). Given the detail provided on some points in the written statement, the IJ did not err in relying on the omission of other details, such as the second beating and bribe or the length of his detention, as those are details one "would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78-79.

The agency also reasonably found that Zhang's corroborating evidence failed to rehabilitate his testimony. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zhang did not submit any contemporaneous evidence corroborating his injuries, and the IJ did not err in giving diminished weight

6

to a letter from his mother in China. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to IJ's decision to afford little weight to letter from spouse in China). While Zhang correctly argues that the IJ should not have faulted him for the fact that his detention certificates were unauthenticated, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005) ("asylum applicants [cannot] always reasonably be expected to have an authenticated document from an alleged persecutor" (internal quotation marks omitted)), this error does not warrant remand because the dates on the detention certificates are inconsistent with the dates Zhang gave during his interview, *id.* at 402 (holding that remand is futile where "there is no realistic possibility that the outcome would be different on remand").

Given these inconsistencies and omissions, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination is dispositive of asylum, withholding of

7

removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court